PROVIDENT FINANCE COMPANY OF NORTH CAROLINA, INC., Plaintiff-Appellee v. ROBERT ROWE and SUSAN ROWE, Defendant-Appellants

No. 9011DC196

(Filed 15 January 1991)

**Consumer Credit § 1 (NCI3d)— action to collect amounts due— counterclaims—insufficient findings by court**

> The trial court erred in an action to collect amounts due on a note by granting judgment for plaintiff and dismissing defendants' counterclaims for violation of the Unfair and Deceptive Trade Practices Act and the North Carolina Consumer Finance Act. The court's only finding of fact on the counterclaim issues was "that the plaintiff has not committed any unfair or deceptive acts or practices entitling the defendants to any relief under their counterclaims"; as a matter of law, that finding is inadequate to support the trial court's conclusion that plaintiff was entitled to dismissal of defendants' actions. Judgment in favor of plaintiff depends first upon resolution of the issues raised by defendants' counterclaims because N.C.G.S. § 53-166(d) provides that loans made in violation of any provision of the Consumer Finance Act are void. N.C.G.S. § 1A-1, Rule 52(a)(1), N.C.G.S. § 75-1.1, N.C.G.S. § 53-180(g).

**Am Jur 2d, Consumer and Borrower Protection §§ 302, 305.**

APPEAL by defendants from judgment entered 14 September 1989 by *Judge T. Yates Dobson* in LEE County District Court. Heard in the Court of Appeals 20 September 1990.

*Love & Wicker, P.A., by Jim Love, Jr., for plaintiff appellee.*

*East Central Community Legal Services, Inc., by M. Catherine Tamsberg and Celia Pistolis, for defendant appellants.*

COZORT, Judge.

Plaintiff brought an action to collect $2,602.32 due on a secured promissory note made by defendants. After a bench trial, the plaintiff was granted judgment against the defendants in the net amount of $2,002.32. On appeal the defendants contend that the trial court erred in concluding both that the plaintiff was entitled to judgment and that all of the defendants' counterclaims should be dismissed. We hold that the trial court did not adequately address the issues

raised by the counterclaims and that the case must be remanded for additional findings and conclusions.

After defendants had obtained a loan from plaintiff and fallen behind in monthly installment payments, an employee of the plaintiff went to defendants' home "to try to get something worked out with" them. The next day defendants went to plaintiff's office and agreed to refinance their first loan. The amount of the new loan was $2,602.32. To secure that loan the plaintiff took a security interest in various personal property owned by the defendants. The defendants were soon in default, and the plaintiff invoked the note's acceleration clause.

On 16 May 1988, plaintiff filed a complaint to collect principal and interest on the loan. On the same day the plaintiff initiated a claim and delivery proceeding under N.C. Gen. Stat. Chapter 1, Article 36, to gain possession of all of the defendants' property in which it had a security interest. After a contested hearing, the clerk of superior court issued an order for the seizure only of the defendants' 1976 Ford automobile. On 1 July 1989, seeking an order of seizure for the remaining items in which it had a security interest, plaintiff appealed the clerk's order to district court.

In the meantime defendants filed an answer, stating counterclaims that alleged plaintiff committed violations of 15 U.S.C. § 1601 (the Truth in Lending Act), N.C. Gen. Stat. § 75-1.1 (unfair or deceptive business practice), and N.C. Gen. Stat. § 53-180(g) (the North Carolina Consumer Finance Act). After further pleadings, the case was tried without a jury on 13-14 September 1989.

At the close of all evidence the plaintiff moved for the dismissal of all three counterclaims. The trial court granted that motion. The trial court also entered judgment for the plaintiff in the amount of $2,602.32 less the value of the defendants' automobile, which the plaintiff had seized through claim and delivery proceedings.

Turning to the questions presented on appeal, we note initially that at trial the defendants voluntarily dismissed their first counterclaim, relating to the federal Truth in Lending Act. They contend, *inter alia*, that the trial court erred in dismissing their second and third counterclaims, relating to N.C. Gen. Stat. §§ 75-1.1 and 53-180(g). They maintain that the plaintiff took a non-possessory, non-purchase money security interest in the Rowe's household goods in violation of Federal Trade Commission Credit Practices as codified

at 16 C.F.R. §§ 441.1 and 441.2. They maintain further that violation of these regulations constitutes a violation of N.C. Gen. Stat. §§ 75-1.1 and 53-180(g).

Federal Trade Commission regulations involving credit practices provide in pertinent part as follows:

In connection with the extension of credit to consumers in or affecting commerce, as commerce is defined in the Federal Trade Commission Act, it is an unfair act or practice within the meaning of Section 5 of that Act for a lender . . . directly or indirectly to take or receive from a consumer an obligation that:

        * * * *

(4) Constitutes or contains a non-possessory security interest in household goods other than a purchase money security interest.

16 C.F.R. § 444.2(a)(4) (1989). Household goods are defined to include the following:

Clothing, furniture, appliances, one radio and one television, linens, china, crockery, kitchenware, and personal effects (including wedding rings) of the consumer and his or her dependents . . . .

16 C.F.R. § 444.1(i) (1989).

N.C. Gen. Stat. § 75.1-1(a) provides that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C. Gen. Stat. § 53-180(g) provides that "[n]o licensee [under the North Carolina Consumer Finance Act] shall engage in any unfair method of competition or unfair or deceptive trade practices in the conduct of making loans to borrowers pursuant to this Article or in collecting or attempting to collect any money alleged to be due and owing by a borrower."

While not uncontroverted, the evidence presented at trial by the defendants tended to show (1) that the plaintiff, acting as an insurance agent, sold the defendants disability insurance in connection with the first loan made to them; (2) that the plaintiff refused to assist them in making a claim under that policy; and (3) that the plaintiffs threatened to take "everything the [defendants] had"

unless they refinanced the first loan. Evidence at trial, contested in part by the plaintiff, also tended to show that it took a non-possessory, non-purchase security interest in the defendants' microwave oven, kerosene heater, fan, and sole television.

Although the court took judicial notice of the fact that a microwave oven is a kitchen appliance, the court's only finding of fact on the counterclaim issues raised by the pleadings and the evidence was "[t]hat the plaintiff has not committed any unfair or deceptive acts or practices entitling the defendant[s] to any relief under their counterclaims." As a matter of law, that finding is inadequate to support the trial court's conclusion "[t]hat plaintiff is entitled to dismissal of defendants' counterclaims."

N.C. Gen. Stat. § 1A-1, Rule 52, provides in pertinent part as follows:

(a) *Findings.*—

(1) In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.

Rule 52(a)(1) requires the trial court to make a "specific statement of the facts on which the rights of the parties are to be determined, and those findings must be sufficiently specific to enable an appellate court to review the decision and test the correctness of the judgment." *Quick v. Quick*, 305 N.C. 446, 451, 290 S.E.2d 653, 657 (1982). The rule "does not require recitation of evidentiary facts, but it does require specific findings on the ultimate facts established by the evidence, admissions, and stipulations which are determinative of the questions involved in the action and essential to support the conclusions of law reached." *Chemical Realty Corp. v. Home Fed. Sav. & Loan*, 65 N.C. App. 242, 249, 310 S.E.2d 33, 37 (1983), *disc. review denied*, 310 N.C. 624, 315 S.E.2d 689, *cert. denied*, 469 U.S. 835, 83 L.Ed.2d 69, 105 S.Ct. 128 (1984).

In the case below, the trial court's assertion, as a finding of fact, that the plaintiff committed no unfair or deceptive act leaves unanswered a number of factual questions raised by the pleadings and the evidence. On remand the following issues, at least, should be resolved by proper findings and conclusions. (1) Did the plaintiff violate Federal Trade Commission Credit Prac-

tices? (2) If so, does such a violation also constitute a violation of N.C. Gen. Stat. § 75-1.1 or § 53-180(g)? (3) Apart from the Federal Trade Commission regulations did actions of the plaintiff in refinancing the first loan to the defendants violate N.C. Gen. Stat. § 75-1.1(a) or § 53-180(g)?

N.C. Gen. Stat. § 53-166(d) provides that loans made in violation of any provision of the Consumer Finance Act are void. Thus, judgment in favor of the plaintiff depends first upon resolution of the issues raised by defendants' counterclaims. Accordingly, on this appeal we need not reach the defendants' assignments of error relating to that judgment.

For the reasons stated above, the judgment of the trial court is reversed, and the case is remanded for entry of an appropriate judgment, which includes specific findings of fact and conclusions of law. Upon remand the trial court may hear additional evidence, if the court determines such is necessary to resolve the issues raised.

Reversed and remanded.

Judges WELLS and LEWIS concur.